IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Roosevelt McCray,                ) <br> ) <br> Plaintiff,           ) <br> ) <br> v.                                  ) <br> ) <br> Bryan P. Stirling, B. Bibbs, Coata  ) <br> Kimbrell, John Palmer,              ) <br> ) <br> Defendants.         ) <br> _____ ) | Civil Action No. 8:24-cv-1638-BHH <br><br> **ORDER** |

Plaintiff James Roosevelt McCray ("Plaintiff"), a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.  (ECF No. 31.)  On January 29, 2025, Defendants filed a motion for summary judgment.  (ECF No. 66.)  Plaintiff also filed a motion for summary judgment on February 3, 2025.  (ECF No. 69.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 29, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. (ECF No. 83.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis.

**Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 83), and the Court grants Defendants' motion for summary judgment (ECF No. 66) and denies Plaintiff's motion for summary judgment (ECF No. 69).**

**IT IS SO ORDERED.**

                                                                s/Bruce H. Hendricks
                                                                United States District Judge

August 18, 2025
Charleston, South Carolina